1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO
3
4

J. CAJIGAS & ASSOCIATES, PSC,

    Plaintiff,                                        Civil No. 13-1359 (JAF)

    v.

MUNICIPALITY OF AGUADA, et al.,

    Defendants.

5
6                         **OPINION AND ORDER**

7       We must decide, among other issues, whether a municipality violated the First

8   Amendment freedoms of a corporation when it breached a contract for the design and

9   construction of a public plaza.

10                                  **I.**
11
12                             **Background**
13
14      J. Cajigas & Associates, PSC, is an engineering and construction company located

15  in Aguada, Puerto Rico.

16      In December 2012, J. Cajigas & Associates was awarded a contract with the

17  Municipality of Aguada for the design and construction of a public plaza and boardwalk.

18  Under the terms of the contract, the Municipality agreed to pay J. Cajigas & Associates in

19  two phases:  $95,130 for design and site engineering and $487,882 for construction and

20  completion.  The contract was amended on January 11, 2013.

Civil No. 13-1359 (JAF)                                                                    -2-

1       On January 17, 2013 J. Cajigas & Associates' company president met with Jessie

2   Cortés-Ramos, Mayor of Aguada, to discuss the project's progress—including the

3   completion of phase one—and to ask for the appointment of a project inspector.  On

4   March 4, 2013, Eduardo Ramirez-Soto, an official with the Municipality, informed

5   J. Cajigas & Associates that the Municipality had retained an inspector for the project.

6       Eleven days later, on March 15, 2013, J. Cajigas & Associates received a letter

7   from the Municipality terminating the contract.   The letter indicated that the

8   Municipality's finances could not support the continuation of the project.  On March 19,

9   2013, the Municipality requested an invoice for the first phase of the project.

10      J. Cajigas & Associates attempted to contact the city by letter but did not receive a

11  response.   The company president visited the municipal offices to press for an

12  explanation for the cancelation of the contract.  Mayor Cortés-Ramos told the company

13  president that political pressures made it impossible to do business with J. Cajigas &

14  Associates, a company headed by members of a rival political party.   The company

15  president told Mayor Cortés-Ramos that breach of the contract under such terms was

16  illegal and unconstitutional.  Mayor Cortés-Ramos responded that he was not prepared to

17  fight people of his own party and that he was prepared for any legal action.

18      The plaintiff filed this suit against Mayor Cortés-Ramos, Ramirez-Soto, and the

19  Municipality of Aguada, asserting that they discriminated against it on the basis of the

20  company president's political affiliation, in violation of the First, Fifth, and Fourteenth

21  Amendments, 42 U.S.C. § 1983, and Commonwealth law statutes.  (Docket No. 23.)  The

22  plaintiff also asserts a claim for breach of contract.

Civil No. 13-1359 (JAF)                                                                  -3-

1                                              **II.**
2
3                                       **Legal Standard**
4
5          A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts

6   to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556

7   U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In

8   assessing a claim's plausibility, the court must construe the complaint in the plaintiff's

9   favor, accept all non-conclusory allegations as true, and draw any reasonable inferences

10  in favor of plaintiff.  San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465,

11  471 (1st Cir. 2012) (citation omitted).

12                                             **III.**

13                                         **Analysis**

14  **A.      Claims Raised Under 42 U.S.C. § 1983**

15         Section 1983 creates a cause of action against those who, acting under color of

16  state law, violate a plaintiff's federal rights. See 42 U.S.C. § 1983; Maine v. Thiboutot,

17  448 U.S. 1, 4(1980).  Here, the plaintiff asserts that the Municipality's contract breach

18  occurred because of its exercise of constitutionally-protected First, Fifth, and Fourteenth

19  Amendment freedoms.

20  **B.      First Amendment Claims**

21         To assert a claim of political discrimination, the plaintiff must plead that: (1) the

22  defendants knew of its political affiliation, and (2) its political affiliation was a

23  "substantial" or "motivating" factor in the Municipality's decision to terminate the

24  contract.  Id. at 48; Gonzalez-De-Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir.

25  2004) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287

Civil No. 13-1359 (JAF)                                                                    -4-

1   (1977)).  J. Cajigas & Associates fulfills these requirements by alleging that Mayor

2   Cortés-Ramos knew the company president belonged to the New Progressive Party and

3   substantially relied on that fact to terminate the contract with J. Cajigas & Associates,

4   despite the fact that the Municipality already owed a sum of money under the contract's

5   terms.

6           Although liability under Section 1983 "cannot rest solely on a defendant's position

7   of authority," Ocasio–Hernández v. Fortuno-Burset, 640 F.3d 1, 16 (1st Cir. 2011), here,

8   J. Cajigas & Associates alleges that Mayor Cortés-Ramos spoke with the company

9   president and explained his inability to do business with J. Cajigas & Associates on the

10  basis of political affiliation.  That alone is something more than basing liability on an

11  individual's mere authority.  Thus, J. Cajigas & Associates has stated a claim under the

12  First Amendment, and we deny the defendants' motion to dismiss the plaintiff's First

13  Amendment discrimination claim.  See Ramirez v. Arlequin, 447 F.3d 19, 24 (1st Cir.

14  2006); Baker v. Coxe, 230 F.3d 470, 475 (1st Cir.2000).

15  **C.      Fifth Amendment Claim**

16          The plaintiff does not provide any explanation or discuss any point of law to

17  support its contention that its claim implicates the Fifth Amendment.  Perfunctory and

18  undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed

19  waived.   See Medina–Rivera v. MVM, Inc., 713 F.3d 132, 140–41 (1st Cir.2013)

20  ("developing a sustained argument out of ... legal precedents" is a party's job, and when

21  the party presents only "undeveloped arguments," they will be deemed waived; internal

22  quotation marks and citation omitted); see also Raines v. U.S. Department of Justice, 424

Civil No. 13-1359 (JAF)                                                                 -5-

1   F.Supp.2d 60, 66 n.3 (D.D.C.2006) (noting that it is not the obligation of the court to research

2   and construct legal arguments open to parties, especially when they are represented by counsel);

3   Rivera–Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir.1988) (stating that it is the party's task to

4   spell out his arguments squarely and distinctly).  Thus, the plaintiff's Fifth Amendment claim

5   is waived.

6   **D.       Fourteenth Amendment Claim**

7          The plaintiff also alleges that the defendants violated the equal protection clause of

8   the Fourteenth Amendment.  To prove a violation of the equal protection clause, the

9   plaintiff must show that (1) compared with others similarly situated, he was selectively

10  treated; and that (2) such selective treatment was based on impermissible considerations

11  such as race, sex or religion.  Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir.

12  2013).  The plaintiff, however, makes no allegations that it was selectively treated;

13  neither does it allege that the defendants acted because of racial or class-based animus.

14         Instead, we agree with the defendants that the plaintiff's equal protection claim is

15  merely a restatement of the First Amendment claim.  For speech-related claims, the First

16  Amendment provides greater protection than the equal protection clause.  Where a

17  plaintiff alleges both types of claims, courts will consider only the First Amendment

18  claim.  JOHN E. NOWAK, RONALD D. ROTUNDA & J. NELSON YOUNG, HANDBOOK ON

19  CONSTITUTIONAL LAW (1978);  see also Uphoff Figueroa v. Alejandro, 597 F.3d 423,

20  426 (1st Cir. 2010) ("Once again we remind litigants that political discrimination and

21  retaliation claims under the First Amendment cannot be restated as claims under the

22  Equal Protection Clause.").  As a result, the plaintiff's equal protection claim is

23  **DISMISSED WITH PREJUDICE**.

Civil No. 13-1359 (JAF)                                                                                  -6-

1   **E.      Claims for Emotional Damages**

2          Although J. Cajigas claimed damages for emotional distress in his complaint, both

3   parties now agree that this type of damages is not available to corporate defendants.  The

4   emotional distress claim is **DISMISSED WITH PREJUDICE**.

5                                                  **IV.**
6
7                                            **Conclusion**

8          We **GRANT**, in part, and **DENY**, in part, the defendants' motions to dismiss the

9   complaint.  (Docket Nos. 9, 10).  The plaintiff's claims under the Fifth and Fourteenth

10  Amendments are **DISMISSED WITH PREJUDICE**.   The plaintiff's claims for

11  emotional damages are **DISMISSED WITH PREJUDICE.**   Because we retain

12  jurisdiction over the plaintiff's First Amendment claim, jurisdiction over the

13  supplemental Puerto Rico law claims remains proper under 28 U.S.C. § 1367.

14         **IT IS SO ORDERED.**

15         San Juan, Puerto Rico, this 29th day of  January, 2013.

16                                              S/José Antonio Fusté
17                                              JOSE ANTONIO FUSTE
18                                              U. S. DISTRICT JUDGE